IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON DOYLE PINKSTON EL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-111-GPM |
| | ) | |
| STATE of ILLINOIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

---

[1] Plaintiff makes reference to another inmate, Michael T. Swanson-El, as a co-plaintiff, but Swanson-El has not signed the complaint or filed any other pleadings. Plaintiff also indicates a desire to bring this lawsuit as a class action on behalf of all incarcerated individuals of the Washitaw Muur faith in Illinois, but nothing in the pleadings supports his bald assertion that class certification is appropriate. *See* FED.R.CIV.P. 23.

Plaintiff asserts that he is a member of the Washitaw Nation of Muurs.[2] According to Plaintiff, practitioners of his faith observe the tenets of the Islam faith, including a pork-free diet, special ceremonial attire, indigenous identification documents, and observance of Ramadan and Friday Jumah prayer. In this action, he asserts five claims: (1) Washitaw Ismaili Moslems are required to attend religious services with other Muslim groups, in violation of the Establishment Clause, but they are not permitted to practice other tenets of their faith; (2) Defendants have conspired to deprive Washitaw Muurs of their federally protected rights; (3) Defendants have denied Plaintiff equal protection of the laws because they do not provide equal accommodation of his religious faith; (4) Plaintiff is not permitted free exercise of his religion; and (5) Plaintiff is the victim of discrimination due to his religious faith.

Plaintiff names as defendants in this action the Illinois Governor and the warden of virtually every penal institution in Illinois, as well as numerous chaplains and high-level directors within the Illinois Department of Corrections. Other than a vague, generalized assertion that "all" of them conspired to violate his rights, he makes no specific assertion against any of the named defendants. The reason that a plaintiff, even one proceeding *pro se*, for whom the Court is required to liberally construe a complaint, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), is required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them in order to allow them to properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED.R.CIV.P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim

---

[2] This faith is also known as the Moorish Science Temple of America. *See* http://en.wikipedia.org/wiki/Moorish_Science_Temple_of_America (accessed Jan. 28, 2009).

against a defendant by including the defendant's name in the caption."). Thus, Plaintiff has failed to state a claim upon which relief may be granted with respect to any particular defendant.

Plaintiff also asserts that he is not required to exhaust administrative procedures as required by 42 U.S.C. § 1997e(a) before bringing this action, but he is incorrect. The Supreme Court has stated that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added). Furthermore, an inmate complaining of the conditions of his confinement must exhaust his administrative remedies *prior* to filing suit, and failure to so exhaust is grounds for summary dismissal of the complaint. *Id.* at 524; *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). Plaintiff makes no assertion that he has, in fact, exhausted his administrative remedies with respect to any of his claims; his belief that exhaustion is not required suggests that he has not. However, his apparent failure to exhaust his administrative remedies is a mere technicality at this point; his failure to state a claim against any defendant is dispositive.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 1/30/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge